# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEVEN ANTHONY MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Acting Commissioner of Social Security[1],<br><br>Defendant. | Case No. 1:14-cv-00578-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1383**<br><br>(Doc. 23) |

## I.        INTRODUCTION

On January 5, 2021, Young Cho ("Counsel"), counsel for Plaintiff Steven Anthony Martinez ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 1383(d)(2)(B). (Doc. 23.)   On January 6, 2021, the Court issued a minute order requiring Plaintiff and the Commissioner to file a response in opposition or statement of non-opposition to Counsel's motion, if any, by no later than February 1, 2021.  (Doc. 24.)  On February 1, 2021, the Commissioner filed a response in his role "resembling that of a trustee" for Plaintiff, acknowledging that he was not a party to the contingent-fee agreement between Plaintiff and Counsel and therefore "not in a position to either assent or object to the [] fees that Counsel seeks from Plaintiff's past-due benefits," but nevertheless taking "no position on the reasonableness of the request."  (*See* Doc. 27 at 2, 5.)  The Commissioner does object, however, to Counsel's request that the Court award a "net fee."  (*Id*. at 5.)  Plaintiff did not file an opposition to the motion by the deadline.

For the reasons set forth below, Counsel's motion for an award of attorney's fees is granted

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on August 26, 2019).  He is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

in the amount of $14,000.00, subject to an offset of $3,500.00 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on November 9, 2015 (*see* Doc. 22).

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  (Doc. 1.)  The Court reversed the Commissioner's denial of benefits and remanded the case to the agency for further proceedings.  (Doc. 19.)  Judgment was entered in favor of Plaintiff and against the Commissioner on August 5, 2015.  (Doc. 20.)  On November 3, 2015, the parties stipulated to an award of $3,500.00 in attorney fees under the EAJA, which was entered on November 9, 2015.  (Docs. 21 & 22.)

On remand, the Commissioner found Plaintiff disabled as of July 23, 2010.  (*See* Doc. 23-2 at 8.)  On December 8, 2020, the Commissioner issued a letter to Plaintiff approving his claim for benefits and awarding him $92,560.04 in back payments beginning August 2010, 25% of which equals $23,140.01.  (*See* Doc. 23 at 3; Doc. 23-3 at 1.)  On January 5, 2021, Counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 1383(d)(2)(B) in the amount of $14,000.00, equal to 15.1% of Plaintiff's back benefits.  (Doc. 23 at 4–5.)  Counsel further requests that the Court "account" for the $3,500.00 EAJA fees already awarded, and "certify" a "net fee" of $10,500.00. (*Id*. at 7–10.)  It is Counsel's motion for attorney's fees that is currently pending before the Court. In his response, the Commissioner takes "no position on the reasonableness of the [fee] request," yet does object to Counsel's request that the Court award a "net fee." (Doc. 27 at 2, 5.)

## III.   DISCUSSION

Pursuant to 42 U.S.C. § 1383(d) ("Section 1383"), an attorney may seek an award of attorney's fees for  work performed in a Social Security case where the claimant is awarded SSI benefits under Title XVI.  In relevant part, Section 1383 provides as follows:

> [I]f the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall pay out of such past-due benefits to such attorney an amount equal to the lesser of--

(i) so much of the maximum fee as does not exceed 25 percent of such past-due benefits (as determined before any applicable reduction under subsection (g) and reduced by the amount of any reduction in benefits under this subchapter or subchapter II pursuant to section 1320a-6(a) of this title), or

(ii) the amount of past-due benefits available after any applicable reductions . . . .

42 U.S.C. § 1383(d)(2)(B).  In addition, "[t]he provisions of section 406 . . . shall apply to this part to the same extent as they apply in the case of subchapter II [of this chapter]."  42 U.S.C. § 1383(d)(2)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 802).  The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government.  *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.  The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted.  *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.1

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking

first to the contingent-fee agreement, then testing it for reasonableness.'"  *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases.  *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing, signed by Plaintiff and Counsel, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.**  Attorney shall seek compensation under the [EAJA] and such amount shall credit to the client for fees otherwise payable for court work.

(Doc. 23-1 (signed September 24, 2014) (emphasis in original).)

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits.  Counsel and his paralegal spent 25.6 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration.  (Doc. 23-4 (time sheets accounting for 21.3 attorney hours and 4.3 paralegal hours spent representing Plaintiff before this Court).)  There is no indication that a reduction of the award is warranted due to any substandard performance by Counsel as Counsel secured a successful result for Plaintiff.  There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

Although the accepted range in the Fresno Division for attorneys like Counsel with over twenty years of experience (*see* Doc. 23 at 11; Doc. 23-5) is between $250 and $380 per hour in non-contingency cases*, see Silvester v. Harris*, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 17, 2014), here the effective hourly (blended) rate requested equals $546.88

per hour.  This hourly rate is not excessive when compared to what the Ninth Circuit has approved

in cases involving social security contingency fee arrangements.  *See Crawford*, 586 F.3d 1142,

1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates

equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also*

*Thomas v. Colvin*, No. 1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015)

(upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No.

1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective

hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15−04261−DTB, 2016

WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for

9.7 hours of work); *Villa v. Astrue,* No. CIV−S−06−0846 GGH, 2010 WL 118454, at *1−2 (E.D.

Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work,

and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").  Further, attorney's

fees in the amount of $14,000.00 do not exceed and are in fact less than 25% of the past-due benefits

awarded and are not excessive in relation to the past-due award.[2]  *See generally Ortega v. Comm'r*

*of Soc. Sec.,* No. 1:12−cv−01030−AWI−SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015)

(granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of

$24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees

pursuant to Section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12−cv−00954–

SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of

attorney's fees pursuant to Section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL

587096, at *2 (recommending an award of attorney's fees pursuant to Section 406(b) in the amount

---

[2] As noted above, 25% of past due benefits withheld totals $23,140.01.  Counsel states in his motion that he "has been advised by administrative counsel that she will seek [this entire amount] in attorney's fees" under Section 1383(d)(2)(A), which covers work in administrative proceedings, and that he will "correspond with administrative counsel, and then will apply a remittitur and/or make other adjustments as appropriate so that [Plaintiff's] total fee obligation to both attorneys will not exceed the withholding even if it results in counsel in not receiving any fees" under Section 1383(d)(2)(B).  (Doc. 23 at 6.)  It is therefore conceivable that all the withholding in the present case will be exhausted prior to this Court's order.  The Court's order shall reflect that any award of fees under Section 1383(d)(2)(B) are to be paid by the Commissioner only to the extent that the withheld 25% of Plaintiff's past due benefits is available and unexhausted. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (noting that the agency has a discretionary policy of withholding "only one pool of 25% of past-due benefits" to pay attorney fees under both § 406(a) and § 406(b), and thus the Commissioner's direct payment of fees to the attorney out of the past-due benefits "could be less than the fees to which the attorney is entitled").

1    of $34,500).

2          In making this determination, the Court recognizes the contingent-fee nature of this case and

3    Counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  "District courts

4    generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn*

5    *v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett

6    contend with a substantial risk of loss in [Social Security] cases, an effective hourly rate of only

7    $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'"

8    (quoting *Gisbrecht*, 535 U.S. at 807)).  Attorneys who agree to represent claimants pursuant to a

9    contingent fee agreement assume the risk of receiving no compensation for their time and effort if

10   the action does not succeed.  *Id.*  Here, Counsel accepted substantial risk of loss in representing

11   Plaintiff, whose application had already been denied at the administrative level.  Plaintiff agreed to

12   the contingent fee.  (*See* Doc. 24-1.)  Working efficiently and effectively, Counsel secured a remand,

13   and ultimately, the award of substantial benefits to Plaintiff.  (*See* Docs. 19, 20, 23-3.)

14         An award of attorney's fees pursuant to Section 1383(d)(2)(B) in the amount of $14,000.00

15   is, therefore, appropriate.  The Court, however, declines to "[o]rder[] the Commissioner to pay the

16   net fee [of $10,500] and then remit any excess withholding directly to [Plaintiff] as past due SSI

17   benefits."  (*See* Doc. 23 at 10.)  It is well established that "***[a]n attorney*** must refund to the client

18   EAJA fees received when the § 1383(d) award exceeds the EAJA fees." *Tapia v. Berryhill*, No. ED

19   CV 17-0027-RAO, 2019 WL 1723136, at *2 (C.D. Cal. Feb. 8, 2019) (citing *Gisbrecht*, 535 U.S.

20   at 796) (emphasis added).

21         As Counsel acknowledges, the undersigned recently declined to certify the payment of net

22   fees. *See Her v. Saul*, No. 1:18-cv-01218-SKO, 2020 WL 5702133, at *4 (E.D. Cal. Sept. 24, 2020).

23   Counsel cites to other cases from this Court that have ordered net fee awards, but they either do not

24   involve Section 1383 petitions (which, according to Counsel, differ in that "a claimant is not

25   adversely affected by the receipt of the EAJA reimbursement regarding potential excess resources,

26   *see* Doc. 23 at 9)[3] or, in the case of *Aguilar v. Comm'r of Soc. Sec.*, No. 1:17-cv-01482-SAB, 2019

27

28   [3] *See Arias v. Comm'r of Soc. Sec.*, No. 2:18-CV-02791-KJN, 2020 WL 4923617 (E.D. Cal. Aug. 21, 2020); *Herman v. Comm'r of Soc. Sec.*, No. 1:15-cv-00456-AWI-SAB, 2018 WL 6078309  (E.D. Cal. Nov. 21, 2018), *report and recommendation adopted*, No. 1:15-cv-00456-AWI-SAB, 2019 WL 176258 (E.D. Cal. Jan. 11, 2019); *Perl v. Comm'r*

WL 6211280, at *3 (E.D. Cal. Nov. 21, 2019), ordered a net fee without addressing its propriety under Section 1383 given the language of the EAJA. Counsel also cites *Culbertson*, but there the issue presented was "whether § 406(b)'s 25% cap limits the aggregate fees awarded for representation before both the agency under § 406(a) and the court under § 406(b), or instead limits only the fee awarded for court representation under § 406(b)." 139 S. Ct. 517, 521 (2019). Payment by the Commissioner of attorney's fees to Counsel in an amount that is net of the EAJA payments was not at issue in *Culbertson*.

Finally, Counsel, in his "Notice of New Authority," points the Court to the recent case *O'Donnell v. Saul*, 983 F.3d 950 (7th Cir. 2020). (*See* Doc. 26.) As an out-of-circuit case, *O'Donnell* is not binding on this Court. In any event, *O'Donnell* <u>lends support</u> to the undersigned's approach of declining to certify a net fee award in light of the statutory language, relied on in *Gisbrecht*, that anticipates a refund from attorney to the client. *See id.* at 957, 959 (finding the magistrate judge did not abuse her discretion in rejecting the "netting method" and agreeing with the Tenth Circuit's "recognition that even if the netting method is permissible under § 406(b)(1), it is 'disfavor[ed]' in light of the [EAJA's] language that anticipates an attorney-to-claimant refund.'") (quoting *Martinez v. Berryhill*, 699 F. App'x 775, 776 (10th Cir. 2017)).

Counsel's request for the certification of a net fee is therefore denied. *See Her*, 2020 WL 5702133, at *4. *See also Barrera Aguilar v. Saul*, No. CV 16-7565 SS, 2019 WL 6175021, at *2 (C.D. Cal. Sept. 16, 2019) (declining to order the Commissioner to certify payment of net fee to the plaintiff's counsel). As Plaintiff was previously awarded $3,500.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant to Section 1383(d)(2)(B) are reasonable. Accordingly, IT IS ORDERED that:

1.    Counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 1383(d)(2)(B) in the amount of $14,000.00 (Doc. 23) is granted. Such fees are to be paid by the

*of Soc. Sec.*, No. 1:16-cv-00196-SAB, 2018 WL 4042862 (E.D. Cal. Aug. 23, 2018); *Acosta v. Berryhill*, No. 1:14-cv-01422-BAM, 2018 WL 3472713, at *2 (E.D. Cal. July 17, 2018).

Commissioner only to the extent that the withheld amount of 25% of Plaintiff's past due benefits is available and unexhausted;

2.      Counsel shall refund to Plaintiff $3,500.00 of the Section 1383(d)(2)(B) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 22); and

3.      Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at his current or last known address.

IT IS SO ORDERED.

Dated:   **February 12, 2021**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE